IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ABC SUPPLY CO., INC., a Delaware corporation, | ) ) ) | Civil No. 07-654-JO |
| Plaintiff, | ) ) ) | |
| v. | ) ) | OPINION AND ORDER |
| COMPWEST ROOFING SYSTEMS, INC., an Oregon corporation; ET AL., | ) ) ) ) | |
| Defendants. | ) | |

    H. Lee Cook
    STEWART SOKOL & GRAY, LLC
    2300 S.W. First Avenue, Suite 200
    Portland, OR  97201

     Attorney for Plaintiff

    Brett J. Hall
    OSWEGO LAW GROUP, LLC
    460 Fifth Street, Suite C
    Lake Oswego, OR  97034

Michael B. Merchant
BLACK HELTERLINE, LLP
805 S.W. Broadway, Suite 1900
Portland, OR  97205-3359

   Attorneys for Defendants

JONES, Judge:

Plaintiff ABC Supply Company, Inc., brings this diversity action against defendant CompWest Roofing Systems, Inc. ("CompWest"), and its owners, defendants Jeffrey Buehner and Randall Gardner, for breach of contract. The case is now before this court on plaintiff's motion for summary judgment (#18). For the reasons stated below, plaintiff's motion is granted.

## FACTUAL BACKGROUND

Plaintiff entered into a contract with CompWest, under which plaintiff was to supply CompWest with construction equipment, materials and supplies on account. Declaration of Brett J. Hall ("Hall Decl.") Ex. 1 at 1-2, Ex. 2 at 1-2. Buehner and Gardner each executed a continuing guaranty of the contract, guaranteeing all amounts due and owing from CompWest to plaintiff. Hall Decl. Ex. 1 at 2, Ex. 2 at 2. Over the course of their contractual relationship, CompWest fell behind in its payments for materials received. Complaint ("Compl.") ¶ 8. Attempts by the parties to negotiate a settlement failed. Supplemental Affidavit of H. Lee Cook ¶¶ 2-4, 7.

Defendants concede liability for the breach of contract. Hall Decl. Ex. 15 at 1. Consequently, plaintiff moves for summary judgment solely on the issue of damages, asserting that defendants owe $347,714.84 plus interest.[1] Affidavit of Carol Garcia ("Garcia Aff.") ¶ 3.

---

[1] There is a discrepancy between the total sum set forth in the accounting records and the
(continued...)

STANDARD

Summary judgment is appropriate if the court finds that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is "material" if that fact may affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986). No genuine issue of material fact exists where the non-moving party "fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The non-moving party may not rest upon mere allegations or on denials of the moving party's pleadings, but must set forth specific facts demonstrating a genuine issue of material fact. Fed. R. Civ. P. 56(e). Affidavits that are merely conclusory and lack specificity will not satisfy the non-moving party's burden to identify evidence that presents a genuine issue of material fact. Far Out Productions, Inc. v. Oskar, 247 F.3d 986, 997 (9th Cir. 2001). A mere scintilla of evidence in support of the non-moving party's position will not suffice; to defeat summary judgment, there must be evidence on which the jury could reasonably find for the non-moving party. Anderson, 477 U.S. at 252.

DISCUSSION

---

[1](...continued)
amount plaintiff seeks to recover. The discrepancy is not material to my decision because plaintiff seeks the lesser of the two sums and has presented sufficient undisputed evidence to support it.

As mentioned, defendants concede liability. Plaintiff seeks summary judgment on damages, contending that the evidence demonstrates the absence of a genuine issue of material fact.

As an initial matter, plaintiff contends that defendants' response to plaintiff's request for admissions was untimely, and that therefore the requests must be deemed admitted. If that were accurate, then defendants would be deemed to have admitted that they owed $347,714.84 in damages. However, because plaintiff served its request for admissions by mail, defendants were entitled to an additional three days "after the prescribed period would otherwise expire * * *." Fed. R. Civ. P. 6(e). Plaintiff mailed the request for admissions on August 2, 2007. The end of the 30-day period for defendants' response fell on Saturday, September 1. The next Monday was Labor Day, a legal holiday. Under Rule 6(a), the 30-day period expired on Tuesday, September 4; adding three days pursuant to Rule 6(e), defendants' response, filed on Friday, September 7, was timely.

In support of its motion, plaintiff provided a detailed accounting of the sums defendants owe; the exhibits also include the terms of the parties' contract. See Garcia Aff.; Compl. Ex. A; Attachment to Compl. Ex. A at 4. Specifically, plaintiff's Senior Customer Account Manager, Carol Garcia, attached a copy of defendant's account to her affidavit, including a detailed listing of individual invoices, broken down into groups based on defendant's project names. Additionally, plaintiff included a copy of the credit application with the complaint; the application documents the continuing guaranty signed by defendants Buehner and Gardner as well as the material terms agreed upon by the parties. Rather than provide contradictory evidence, defendants here do nothing more than deny the accuracy of plaintiff's calculations.

4 - OPINION AND ORDER

Defendants provide no specific or direct evidence to support their denial. Consequently, defendants have failed to demonstrate the existence of a genuine issue of material fact, and, accordingly, I grant plaintiff's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment (#18) is GRANTED. Any other pending motions are denied as moot. Plaintiff shall submit a form of judgment to the court for approval and signature.

DATED this 11th day of February, 2008.

          /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge